## IN THE CIRCUIT COURT OF LEE COUNTY, MISSISSIPPI

SCHILLING FOODS, LLC                                           PLAINTIFF

VS.                                                                   NO: CV17-102(G)(L)

FIRST DATA CORPORATION;
FIRST DATA MERCHANT SERVICES LLC;
CITICORP PAYMENT SERVICES, INC; and
ABC CORPORATIONS 1-10                                    DEFENDANTS

## COMPLAINT
## [JURY TRIAL DEMANDED]

COMES NOW, the Plaintiff, Schilling Foods, LLC, by and through counsel, and files this Complaint, and in support thereof would show unto the Court the following:

### PARTIES

1. Schilling Foods, LLC, hereinafter referred to as "Schilling Foods", is a limited liability company organized and existing under the laws of the state of Mississippi with its principal place of business being located in Tupelo, Lee County, Mississippi.

2. Upon information and belief, Defendant First Data Corporation is a corporation organized and existing under the laws of the State of Delaware. First Data Corporation may be served with process through its Registered Agent, Corporation Service Company, at 251 Little Falls Drive, Wilmington, DE, 19808, or wherever found.

3. Upon information and belief, Defendant First Data Merchant Services LLC, formerly First Data Merchant Services Corporation, is a limited liability company organized and existing under the laws of the State of Florida. First Data Merchant Services LLC may be served with process through its Registered Agent, Corporation Service Company, at 5760 I-55 North, Suite 150, Jackson, MS 39211, or wherever found.

2071547



FILED
TIME_____AM/PM
OCT 27 2017
CAMILLE M. ROBERTS, CIRCUIT CLERK

4. Upon information and belief, Citicorp Payment Services, Inc., is a corporation organized and existing under the laws of the State of Delaware. Citicorp Payment Services, Inc. may be served with process through its Registered Agent, The Corporation Trust Company, at Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801, or wherever found. Defendants First Data Corporation, First Data Merchant Services LLC and Citicorp Payment Services, Inc. are collectively referred to hereinafter as "First Data".

5. Upon information and belief, ABC Corporations 1-10 are currently unidentified entities which may also be liable for the damages sought to be recovered by Schilling Foods herein. Schilling Foods will amend its Complaint upon learning the identities of such entities.

## VENUE AND JURISDICTION

6. This Honorable Court has jurisdiction over the subject matter and parties herein. Pursuant to section 13-3-57 of the Mississippi Code Annotated, The Defendants subjected themselves to the jurisdiction of this Court by virtue of their doing business in the State of Mississippi, including the provision of their services to Schilling Foods. This Honorable Court has jurisdiction over the subject matter herein as the amount in controversy exceeds $200,000.00.

7. Venue is proper in this Court pursuant to section 11-11-3 of the Mississippi Code Annotated. The cause of action occurred and accrued in Lee County, Mississippi.

## FACTS

8. Schilling Foods executed a contract with First Data to retain its services. First Data provided Schilling Foods with an electronic settlement program, whereby it would collect the receivable credit card, debit card, and EBT/ Food Stamps funds of Save-A-Lot stores owned by Schilling Foods and deposit settlement payments into the stores' bank accounts. Don Schilling, Member of Schilling Foods, and his brother, Roy Schilling, previously contracted with

2

First Data to provide the same service to other stores that have no legal relationship to the stores owned and operated by Schilling Foods.

9. On August 8, 2016, Don Schilling, ("Schilling"), a shareholder of the Sunflower Food Store, #88, ("Sunflower #88"), in Hollandale, MS, requested Joshua Umphreys at First Data to change the electronic settlement deposits from Guaranty Bank & Trust to Bank of Anguilla.

10. Schilling was unaware that his brother, Roy Schilling, had previously switched the electronic settlement program for Sunflower #88, as well as, for Sunflower #25, in Rolling Fork, MS, from First Data to Fifth Third Bank.

11. The requested banking change was intended to apply exclusively to Sunflower #88, and not to the Save-A-Lot stores in Tupelo and Houston, MS, owned by Schilling Foods, where the credit settlements were being deposited into Regions Bank by First Data.

12. For reasons unknown, First Data began collecting and depositing settlement payments into the Bank of Anguilla which were applicable to the Stop N Shop store, ("Stop N Shop"), located in Leland, MS, which is solely owned by Roy Schilling.

13. On two occasions, August 11, 2016, and August 12, 2016, Schilling, recognizing that something was amiss, e-mailed Umphreys and advised him that the Stop N Shop settlement credits were erroneously being deposited in the Bank of Anguilla account, and that the Sunflower #88 credits were still being deposited into the Guaranty Bank & Trust account.

14. On August 15, 2016, Schilling's daughter, Lindsey Burton, e-mailed Umphreys and again advised him as follows: "We're still getting another store's deposits in our Bank of Anguilla account. We are not Stop N Shop, LLC that shows on the deposit line. And the deposits are way too much to be ours. We are Sunflower #88, we are still getting our deposits in

3

our Guaranty Bank checking account. And we want to get those deposited in our Bank of Anguilla account."

15. Despite these admonitions, First Data continued to deposit electronic settlements owed to the Stop N Shop store into the Sunflower #88 account through August 30, 2016, in the total sum of $267,991.88.

16. On September 2, 2016, Sunflower #88 remitted $100,000.00 to the Stop N Shop store. At some point in time, First Data also remitted $100,000.00 to the Stop N Shop store.

17. Without notice to anyone affiliated with the Save-A-Lot stores in Tupelo and Houston, owned by Schilling Foods, First Data began withholding electronic settlements from these stores on September 20, 2016.

18. The Save-A-Lot stores in Tupelo and Houston have no legal relationship with either Sunflower #88 or Stop N Shop.

19. On October 14, 2016, First Data provided a credit to the Save-A-Lot stores in the amount of $70,000.00.

20. As of November 10, 2016, First Data had wrongfully withheld a total of $185,192.20. This sum specifically takes into account the credit issued by First Data referenced in Paragraph 16 above.

21. Just prior to the aforementioned wrongful withholdings related to the Stop N Shop store, between March 16, 2016, and August 6, 2016, First Data negligently withheld Master Card and Visa payments that should have been immediately remitted to and deposited into the Save-A-Lot stores' bank accounts at Regions Bank. These wrongful withholdings totaled $65,614.41 from the Save-A-Lot store in Houston and $75,864.66 from the Save-A-Lot store in Tupelo, for a combined total of $141,479.07. First Data did attempt to rectify this problem, but only remitted

the sum of $136,127.02, leaving a deficiency of $5,352.05. These improper withholdings, even considering the untimely payment by First Data, weakened the financial structure of these stores literally on the eve of the debacle that followed only weeks later. First Data still wrongfully withholds the $5,352.05 that it failed to remit.

22. On November 22, 2016, counsel for Schilling Foods sent a letter to Ms. Jill E. Dokson, Senior Counsel to First Data, describing the aforementioned wrongful withholdings. Even after this letter, First Data continued to withhold electronic settlements that it collected which were owed to the Save-A-Lot stores.

23. In late December 2016, First Data released $106,000.00 to Schilling Foods. Prior to the release, the amount wrongfully withheld from the Save-A-Lot stores owned by Schilling Foods had risen to $214,736.06, which takes into account the $70,000.00 which was released by First Data earlier. In total, First Data wrongfully withheld $284,736.06 in electronic settlements, plus the $5,352.05, which it failed to remit earlier as discussed in paragraph 19 hereinabove.

24. First Data has made no effort to remit the remaining balance of wrongfully withheld funds in the amount of $114,088.11 ($108,736.06 plus $5,352.05), despite being made aware of the problems being encountered by the two Save-A-Lot stores.

25. First Data's unlawful and wrongful withholding of the electronic settlement deposits from the Save-A-Lot stores has wreaked havoc upon Schilling Foods, substantially depleting its cash flow to such an extent that it became unable to purchase sufficient inventories to meet the needs of its customers.

26. The wrongful conduct of First Data resulted in declining sales for both Save-A-Lot stores. A comparison of sales revenue generated in 2015 by both stores to sales revenue generated in 2016 clearly reflects the negative impact that the withholding undertaken by First

Data had on these stores' ability to stock and provide merchandise. The total revenue from both stores in 2016, compared to the prior year, was $654,479.00 less or a negative 21.88%.

27. Schilling Foods had reached an agreement with a third party to sell the assets of the Houston Save-A-Lot store. However, the unlawful withholding of the electronic settlement payments by First Data depleted the inventory in the store, as well as, its concomitant ability to generate income and cash flow. As a result of First Data's actions, the value of the Houston store dropped dramatically and the offer to purchase was withdrawn. Consequently, Schilling Foods was forced to close the Save-A-Lot store in Houston and liquidated its assets.

28. Schilling Foods, in an effort to keep its business afloat, incurred substantial liabilities that ultimately proved to be inadequate. Schilling Foods was driven to close the Tupelo store, and has thus far been unable to locate a buyer for its assets.

## CAUSE OF ACTION:

### COUNT I:

### CONVERSION

29. Each and every one of the preceding averments of the Complaint are incorporated herein and made a part hereof by reference.

30. By continually withholding settlement payments, First Data has unlawfully assumed dominion and control over the funds in contravention to the rights of Schilling Foods.

31. The act of First Data in wrongfully retaining monies in defiance of the rights of Schilling Foods constitutes conversion for which First Data is liable for all resulting damages.

32. As a direct and proximate result of such conversion, Schilling Foods has suffered extensive financial losses, including, but without limitation, the value of the withheld settlement payments, the loss of business value, and other incidental and consequential damages.

2071547

## COUNT II:

## BREACH OF CONTRACT

33. Each and every one of the preceding averments of the Complaint are incorporated herein and made a part hereof by reference.

34. Schilling Foods entered into a contract with First Data for the collection of credit card, debit card, and EBT/ Food Stamp funds and the deposit of settlement payments in Schilling Foods' bank accounts.

35. First Data breached the contract by withholding funds that were to be deposited in Schilling Foods' bank accounts in accordance with the agreement.

36. By taking the above actions and other such actions as may be proved at the trial of this cause, First Data has breached its contract with Schilling Foods, and Schilling Foods has been damaged thereby.

37. As a direct and proximate result of such breach, Schilling Foods has suffered extensive financial losses, including, but without limitation, the value of the withheld settlement payments, the loss of business value, and other incidental and consequential damages.

## COUNT III:

## NEGLIGENCE AND GROSS NEGLIGENCE

38. Each and every one of the preceding averments of the Complaint are incorporated herein and made a part hereof by reference.

39. First Data owed a duty of due care to Schilling Foods to perform the agreed upon services.

40. First Data has and continues to breach its duty by negligently failing to deposit settlement payments into Schilling Foods' accounts.

7

2071547

41.     First Data was and continues to be grossly negligent and show bad faith in dealings by failing to remit the full amount of all wrongfully withheld settlement payments once Schilling Foods brought the wrongful conduct to First Data's attention.

42.     As a direct and proximate result thereof, Schilling Foods has suffered extensive financial losses, including, but without limitation, the value of the withheld settlement payments, the loss of business value, and other incidental and consequential damages.

## COUNT IV:

### BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

43.     Each and every one of the preceding averments of the Complaint are incorporated herein and made a part hereof by reference.

44.     By refusing to complete the services as represented and agreed upon in the contract, and by withholding payments rightly belonging to Schilling Foods, First Data breached its duty to deal with Schilling Foods in good faith. As such, First Data breached the implied covenant of good faith and fair dealing that it lawfully owed to Schilling Foods.

45.     By taking the above actions and other such actions as may be proved at the trial of this cause, First Data has and continues to breach the implied covenant of good faith and fair dealing, and Schilling Foods has been damaged thereby.

46.     As a direct and proximate result thereof, Schilling Foods has suffered extensive financial losses, including, but without limitation, the value of the withheld settlement payments, the loss of business value, and other incidental and consequential damages.

## COUNT V:

### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

47.     Each and every one of the preceding averments of the Complaint are incorporated

herein and made a part hereof by reference.

48. By withholding the settlement payments and depleting Schilling Foods' cash flow to such an extent that it was unable to purchase sufficient inventories, First Data unlawfully diverted prospective customers and their related business away from the Save-A-Lot stores owned by Schilling Foods.

49. By taking the above actions and other such actions as may be proved at the trial of this cause, First Data has and continues to tortiously interfere with Schilling Foods' business relations, and Schilling Foods has been substantially damaged thereby.

50. As a direct and proximate result thereof, Schilling Foods has suffered extensive financial losses, including, but without limitation, the value of the withheld settlement payments, the loss of business value, and other incidental and consequential damages.

## COUNT VI:

### TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

51. Each and every one of the preceding averments of the Complaint are incorporated herein and made a part hereof by reference.

52. By withholding the settlement payments and depleting Schilling Foods' cash flow, inventories, and related business, First Data's action significantly reduced the worth of the Save-A-Lot store in Houston, MS, causing a third party to refuse to perform a purchase agreement, which it had entered into with Schilling Foods' for the purchase of the Houston store.

53. By taking the above actions and such other actions as may be proved at the trial of this cause, First Data tortiously interfered with Schilling Foods' contractual relations, and Schilling Foods has been damaged thereby.

54. As a direct and proximate result thereof, Schilling Foods has suffered extensive

9

2071547

financial losses, including, but without limitation, the value of the withheld settlement payments, the loss of business value, and other incidental and consequential damages.

## DAMAGES

55. Each and every one of the preceding averments of the Complaint are incorporated herein and made a part hereof by reference.

56. As a result of the conduct of First Data as set forth back Counts I, II, III, IV, V, and VI, Schilling Foods seeks consequential and compensatory damages, including but not limited to $114,088.11, ($108,736.06 plus $5,352.05), still wrongfully withheld by First Data. In addition, Schilling Foods seeks damages for the liabilities it incurred to keep its business afloat and the business value loss of the two Save-A-Lot stores, punitive damages and such other amounts that may be shown at the trial of this matter.

57. Schilling Foods is entitled to prejudgment interest from Defendants in conformance with Mississippi law.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Schilling Foods, LLC, respectfully requests the Court to grant judgment in its favor and against Defendants, First Data Corporation, First Data Merchant Services LLC, and Citicorp Payment Services, Inc., granting compensatory and punitive damages in an amount in excess of this Court's jurisdictional threshold, along with prejudgment and post-judgment interest. Plaintiff, Schilling Foods, LLC, respectfully requests such further additional relief as to which it may be entitled.

RESPECTFULLY SUBMITTED, this the 27th day of October, 2017.

By: /s/ _____
DAVID W. HOUSTON, III (MSB #2695)
L. BRADLEY DILLARD (MSB #10114)
J. AARON SPEARMAN (MSB #105028)

2071547

OF COUNSEL:

MITCHELL, MCNUTT & SAMS, P.A.
105 S. FRONT STREET
POST OFFICE BOX 7120
TUPELO, MISSISSIPPI 38802-7120
662-842-3871 (telephone)
662-842-8450 (facsimile)
dhouston@mitchellmcnutt.com
bdillard@mitchellmcnutt.com
aspearman@mitchellmcnutt.com

11

2071547

FILED
TIME_____ AM/PM

OCT 27 2017

CAMILLE M. ROBERTS, CIRCUIT CLERK

IN THE CIRCUIT COURT OF LEE COUNTY, MISSISSIPPI

SCHILLING FOODS, LLC                                                                         PLAINTIFF

VS.                                                                                            NO: CV17-102(G)(L)

FIRST DATA CORPORATION;
FIRST DATA MERCHANT SERVICES LLC;
CITICORP PAYMENT SERVICES, INC; and
ABC CORPORATIONS 1-10                                              DEFENDANTS

## SUMMONS

TO:    FIRST DATA CORPORATION
           Corporation Service Company
           251 Little Falls Drive
           Wilmington, DE, 19808
           Or Wherever Found

### NOTICE TO DEFENDANT(S)

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to David W. Houston, III, the attorney for Plaintiff, whose address is P. O. Box 7120, Tupelo, Mississippi 38802. Your response must be mailed or delivered within 30 days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 27 day of October, 2017.

                                                 CIRCUIT COURT CLERK
                                                 LEE COUNTY, MISSISSIPPI

(SEAL)                                          /s/ Teresa Williams
                                                  Deputy Clerk

2185260

## PROOF OF SERVICE-SUMMONS

FIRST DATA CORPORATION
_____
Name of Person or Entity Served

I, the undersigned process server, served the summons and complaint or petition upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ **PERSONAL SERVICE.** I personally delivered copies to _____ on the _____ day of _____, 2017, where I found said person(s) in _____ County of the State of _____.

_____ **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the summons and petition on the _____ day of _____, 2017, at the usual place of abode of said person by leaving a true copy of the summons and petition with _____ who is the _____ (here insert wife, husband, son, daughter or other relative as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and petition, and thereafter on the _____ day of _____, 2017, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service I was at least 18 years of age and not a party to this action.

Process Server must list below: [*Please print or type*]
NAME _____
ADDRESS _____
_____

STATE OF _____
COUNTY OF _____

     Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

                                                      _____
                                                      Process Server (Signature)

     Sworn to and subscribed before me this the ____ day of _____, 2017.

                                                      _____
                                                      NOTARY PUBLIC

My Commission Expires:
_____

2185260

IN THE CIRCUIT COURT OF LEE COUNTY, MISSISSIPPI

SCHILLING FOODS, LLC                                    PLAINTIFF

VS.                                                       NO: CV17-102(G)(L)

FIRST DATA CORPORATION;
FIRST DATA MERCHANT SERVICES LLC;
CITICORP PAYMENT SERVICES, INC; and
ABC CORPORATIONS 1-10                               DEFENDANTS

## SUMMONS

TO:    FIRST DATA MERCHANT SERVICES LLC
        Corporation Service Company
        5760 I-55 North, Suite 150
        Jackson, MS 39211
        Or Wherever Found

### NOTICE TO DEFENDANT(S)

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to David W. Houston, III, the attorney for Plaintiff, whose address is P. O. Box 7120, Tupelo, Mississippi 38802. Your response must be mailed or delivered within 30 days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 27 day of October, 2017.

CIRCUIT COURT CLERK
LEE COUNTY, MISSISSIPPI
BY: Teresa Williams
Deputy Clerk

(SEAL)

2185260

## PROOF OF SERVICE-SUMMONS

FIRST DATA MERCHANT SERVICES LLC
_____
**Name of Person or Entity Served**

I, the undersigned process server, served the summons and complaint or petition upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ **PERSONAL SERVICE.** I personally delivered copies to _____ on the _____ day of _____, 2017, where I found said person(s) in _____ County of the State of _____.

_____ **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the summons and petition on the _____ day of _____, 2017, at the usual place of abode of said person by leaving a true copy of the summons and petition with _____ who is the (here insert wife, husband, son, daughter or other relative as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and petition, and thereafter on the _____ day of _____, 2017, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service I was at least 18 years of age and not a party to this action.

Process Server must list below: [*Please print or type*]
NAME _____
ADDRESS _____
_____

STATE OF _____
COUNTY OF _____

     Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

                                            _____
                                                Process Server (Signature)

     Sworn to and subscribed before me this the ____ day of _____, 2017.

                                            _____
                                                   NOTARY PUBLIC

My Commission Expires:
_____

2185260

IN THE CIRCUIT COURT OF LEE COUNTY, MISSISSIPPI

SCHILLING FOODS, LLC                                                          PLAINTIFF

VS.                                                                NO: CV17-102(G)(L)

FIRST DATA CORPORATION;
FIRST DATA MERCHANT SERVICES LLC;
CITICORP PAYMENT SERVICES, INC; and
ABC CORPORATIONS 1-10                                   DEFENDANTS

## SUMMONS

TO:    CITICORP PAYMENT SERVICES, INC.
        The Corporation Trust Company
        Corporation Trust Center
        1209 Orange St., Wilmington, DE 19801
        Or Wherever Found

### NOTICE TO DEFENDANT(S)

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to David W. Houston, III, the attorney for Plaintiff, whose address is P. O. Box 7120, Tupelo, Mississippi 38802. Your response must be mailed or delivered within 30 days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 27 day of October 2017.

                                                         CIRCUIT COURT CLERK
                                                         LEE COUNTY, MISSISSIPPI
(SEAL)                                          BY: Teresa Williams
                                                                     Deputy Clerk

2185260

## PROOF OF SERVICE-SUMMONS

CITICORP PAYMENT SERVICES, INC.
_____
**Name of Person or Entity Served**

I, the undersigned process server, served the summons and complaint or petition upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ **PERSONAL SERVICE.** I personally delivered copies to _____ on the _____ day of _____, 2017, where I found said person(s) in _____ County of the State of _____.

_____ **RESIDENCE SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the summons and petition on the _____ day of _____, 2017, at the usual place of abode of said person by leaving a true copy of the summons and petition with _____ who is the (here insert wife, husband, son, daughter or other relative as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and petition, and thereafter on the _____ day of _____, 2017, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service I was at least 18 years of age and not a party to this action.

Process Server must list below: [*Please print or type*]
NAME _____
ADDRESS _____
_____

STATE OF _____
COUNTY OF _____

     Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _____ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Summons" are true and correct as therein stated.

                                               _____
                                                 Process Server (Signature)

     Sworn to and subscribed before me this the ____ day of _____, 2017.

                                               _____
                                                   NOTARY PUBLIC

My Commission Expires:
_____

2185260