IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**SCHILLING FOODS, LLC**                                                       **PLAINTIFF**

**VS.**                                                     **CASE NO. 1:17-cv-00201-MPM-DAS**

**FIRST DATA CORPORATION;**
**FIRST DATA MERCHANT SERVICES**
**LLC; CITICORP PAYMENT SERVICES,**
**INC.; and ABC CORPORATIONS 1-10**                         **DEFENDANTS**

**MEMORANDUM OF FIRST DATA CORPORATION**
**AND FIRST DATA MERCHANT SERVICES LLC**
**IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants First Data Corporation ("FDC") and First Data Merchant Services LLC ("FDMS") (together, "Defendants") submit this Memorandum of Law in support of their Motion to Dismiss, respectfully showing the Court that Plaintiff Schilling Foods, LLC ("Plaintiff") has failed to plead any actionable claim against either FDC or FDMS upon which relief could be granted, thereby justifying dismissal of the Complaint against FDC and FDMS.

**I. INTRODUCTION**

Plaintiff attempts to assert six claims against these Defendants, all arising out of a contractual relationship to which neither FDC nor FDMS was a party. Indeed, neither Defendant is a party to any contract with Plaintiff. Tennessee law, which governs this dispute, is very clear that breach-of-contract claims may only lie between parties that are actually parties to a contract. Plaintiff attempts to escape this rule by simply defining all named defendants as "First Data" and indiscriminately making all allegations of the Complaint against all defendants. But that is pure fiction, and it is insufficient to support any claim against FDC or FDMS. Because neither FDC nor FDMS is a party to the contractual relationship upon which all of Plaintiff's claims are

based, FDC and FDMS are not proper defendants in this action. Therefore, the Court should dismiss the Complaint against FDC and FDMS with prejudice.

There are three motions pending before the Court: (1) this Motion; (2) a separate Motion to Dismiss that includes Defendant Citicorp Payment Services, Inc.'s ("CPSI Motion");[1] and (3) all Defendants' Motion to Transfer.

The present Motion has been filed because the issues related to FDC and FDMS are clear and unique and to avoid the Court needing to delve into the substantive analysis otherwise required in the CPSI Motion. While the issues raised in this Motion could have been raised in the CPSI Motion, this Motion is presented separately for the Court's convenience. To the extent this Motion is not granted, FDC and FDMS respectfully incorporate all arguments set forth in the CPSI Motion by reference. Further, should the Court elect to consider the Motion to Transfer before ruling on the Motions to Dismiss, FDC and FDMS respectfully request the Court defer ruling on the present Motion and the CPSI Motion and transfer the presentation of these motions to the United States District Court for the Western District of Tennessee.

## II. FACTS

On or about December 11, 2009, Plaintiff entered into a Merchant Agreement with CTS Holdings, LLC ("CTS") and Defendant Citicorp Payment Services, Inc. ("CPSI")[2] (Compl. ¶ 8.)

---

[1] Should the Court deny the relief FDC and FDMS seek in this Motion, FDC and FDMS hereby join in the CPSI Motion and incorporate the issues raised therein by express reference.

[2] In considering a motion to dismiss, a district court may consider documents attached to the motion that are not attached to the complaint and need not convert the motion to one for summary judgment if those documents are referred to in the complaint and central to the plaintiff's claim. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."); *see also Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) ("a document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings" when it "is referred to in the complaint and is central to the plaintiff's claim").

Despite Plaintiff's collective mischaracterization of all named defendants as "First Data" (*see* Compl. ¶ 4), neither FDC nor FDMS is a party to the Merchant Agreement. (*See* Ex. A *generally*.) In fact, the Complaint contains no allegations specifically regarding FDC or FDMS, nor can it. Because neither FDC nor FDMS is a party to the underlying contract, all claims against each of them must be dismissed with prejudice.

### III. ARGUMENT & CITATION TO AUTHORITIES

#### A. Standard of Review & Choice of Law

##### 1. *Plaintiff Must Plead Facts Sufficient to State a Colorable Claim to Defeat a Motion to Dismiss.*

To survive a motion to dismiss, a complaint must contain sufficient facts that, if accepted as true, state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff must include "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. A complaint that asserts "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor can a complaint survive if it is based upon "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

A court should not consider legal conclusions in determining whether the complaint has stated a claim for relief. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

##### 2. *Tennessee Law Applies to All of Plaintiff's Claims.*

To the extent Plaintiff is able to fashion any colorable claim against FDC or FDMS

---

Here, Plaintiff's entire theory of liability is premised on the contractual relationship between Plaintiff on the one hand and CTS and CPSI on the other. *See, e.g.*, Compl. ¶ 8. Accordingly, a non-confidential form of the Merchant Agreement that governs the relationship between the parties is attached hereto as Exhibit A.

(which it cannot), such claim would necessarily arise out of the Merchant Agreement into which Plaintiff entered. The Merchant Agreement contains a choice-of-law clause in favor of Tennessee; accordingly, in evaluating Plaintiff's claims, including those sounding in tort, the Court must apply Tennessee law. The question whether a contract's choice-of-law provision extends to tort claims between the contracting parties is a question of contract interpretation, so the Court should begin its analysis with the language of the parties' choice-of-law clause. *Credit Payment Servs., Inc. v. Moneygram Payment Sys., Inc.*, 2015 WL 12531989, at *4 (E.D. Tenn. 2015).

> Section p. of the Merchant Agreement provides:
>
> This Agreement shall be construed and enforced in accordance with the internal laws of the State of Tennessee without reference to choice of law Association Rules. Any legal action, including an original complaint or third party claim, by or in the right of any party to this Agreement or any action arising under or in any way related to this Agreement, including but not limited to a claim for payment under the Agreement, and also including any non-contract claim (collectively "Claims"), shall be brought and maintained exclusively in a state or federal court of competent subject matter jurisdiction in Shelby County, Tennessee and the parties hereby submit themselves to the personal jurisdiction and venue of those courts for the purpose of any such action and hereby waive any defense related to personal jurisdiction, process, or venue.

Ex. A at § p.

The language of the clause is broad, and the clause clearly applies to "[a]ny legal action," "arising under or in any way related to this Agreement," "including any non-contract claim." *Id.* Therefore, Tennessee law governs both Plaintiff's contract claims and tort claims. *Credit Payment Servs., Inc.*, 2015 WL 12531989, at *4; *see also Hobbs v. Legg Mason Inv. Counsel & Trust Co.*, 2011 WL 39044, at *4 (N.D. Miss. 2011) (applying Tennessee law to breach of fiduciary duty and negligence claims arising out of the defendant's administration of two trusts "formed pursuant to the will of a Tennessee resident who expressly provided that the operation of the trusts should be governed by Tennessee law"); *Trinity Yachts, LLC v. Thomas Rutherford,*

4

*Inc.*, 2013 WL 820231, at *3 (S.D. Miss. 2013) ("in actions interpreting contract provisions which arise from a tort committed by one of the parties, the appropriate classification is under contract."). Regardless, even if Mississippi law applied, dismissal is warranted.

> **B. All Claims Against FDC and FDMS Should Be Dismissed Because Neither FDC Nor FDMS Is a Party to Any Agreement with Plaintiff.**

All of Plaintiff's claims arise out of a contractual relationship, yet neither FDC nor FDMS is a party to any agreement with Plaintiff. Despite Plaintiff's improper characterization of all named Defendants as "First Data," *see, e.g.*, Compl. ¶ 4, neither FDC nor FDMS is a party to any agreement with Plaintiff, including the Merchant Agreement at issue in this case. *See* Ex. A *generally*. The Complaint contains no allegations, other than its baseless reference to all defendants as "First Data," to suggest otherwise.

Tennessee law, which governs the Merchant Agreement (Ex. A at § p.), holds that only a party to a contract may be sued for its breach; indeed, an essential element of any breach of contract claim is "the existence of an enforceable contract" between the parties. *Maverick Grp. Mktg., Inc. v. Worx Envtl. Prod., Inc.*, 99 F. Supp. 3d 822, 838 (W.D. Tenn. 2015), *aff'd*, 659 F. App'x 301 (6th Cir. 2016). The same is true under Mississippi law. *See Burns v. Washington Sav.*, 171 So. 2d 322, 324 (Miss. 1965) ("It is a general rule of the law of contracts that in order to maintain an action to enforce the breach of a contract, or to recover damages growing out of the breach, or for failure to carry out the terms of the contract, it is ordinarily a necessary prerequisite that the relationship of privity of contract exist between the party damaged and the party sought to be held liable for the breach of the contract.") Plaintiff's naked assertion that it "executed a contract with First Data" (which Plaintiff defines to include all named defendants) is insufficient to support a claim against FDC and FDMS, especially where the underlying Merchant Agreement reveals neither was a party thereto.

5

All claims against FDC and FDMS should be dismissed because they are not parties to the Merchant Agreement or any other contract with Plaintiff that was allegedly breached, nor are there any allegations in the Complaint that support any liability on the part of FDC or FDMS.

## IV.     CONCLUSION

Because Plaintiff has failed to assert any fact affording a basis for its claims against FDC and FDMS, and it cannot do so, Plaintiff's claims against FDC and FDMS must be dismissed with prejudice.

>                                    Respectfully submitted,
>
>                                    FIRST DATA COROPRATION and
>                                    FIRST DATA MERCHANT SERVICES LLC
>
>
>                                    By:/s/ M. Patrick McDowell
>                                         M. Patrick McDowell, One of Their Attorneys

OF COUNSEL:

M. Patrick McDowell (MSB #9746)
Lauren O. Lawhorn (MSB #103896)
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
190 East Capitol St., Suite 100
Jackson, MS 39201
Telephone: (601) 948-3101
Facsimile: (601) 960-6902
pmcdowell@brunini.com
llawhorn@brunini.com

Scott F. Singley (MSB #100134)
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
410 Main Street
Columbus, MS 39701
Telephone: (662) 240-9744
Facsimile: (662) 240-4127
ssingley@brunini.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 8, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                 */s/ M. Patrick McDowell*
                 M. Patrick McDowell