**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**SCHILLING FOODS, LLC**                                                                 **PLAINTIFF**

**VS.**                                                                 **CASE NO. 1:17-cv-00201-MPM-DAS**

**FIRST DATA CORPORATION;
FIRST DATA MERCHANT SERVICES
LLC; CITICORP PAYMENT SERVICES,
INC.; and ABC CORPORATIONS 1-10**                                **DEFENDANTS**

**MEMORANDUM OF FIRST DATA CORPORATION, FIRST DATA
MERCHANT SERVICES LLC, AND CITICORP PAYMENT SERVICES, INC.
IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE**

Defendants First Data Corporation ("FDC"), First Data Merchant Services LLC
("FDMS"), and Citicorp Payment Services, Inc. ("CPSI") (together, "Defendants") submit this
Memorandum of Law in support of their Motion to Transfer Venue pursuant to 28 U.S.C. §
1404(a).

## I.      INTRODUCTION

Plaintiff's Complaint is devoid of merit, both procedurally and substantively, and
therefore must be dismissed.[1]   However, even if Plaintiff's Complaint could survive dismissal
(which it cannot), this matter must be transferred to the United States District Court for the
Western District of Tennessee.  Although Plaintiff fails to attach to the Complaint the specific
contract at issue, to the extent Plaintiff is able to fashion any claim against Defendants at all, any
such claim necessarily arises out of Plaintiff's contractual relationship with CPSI.[2]  The contract

---

[1] As set forth in Defendants' Motions to Dismiss, filed contemporaneously herewith, all claims
asserted in Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for
failure to state a claim upon which relief can be granted.

[2] As set forth in FDC's and FDMS's Motion to Dismiss, neither FDC nor FDMS is a party to any

that governs the parties' relationship contains a mandatory forum selection provision designating the state and federal courts of Shelby County, Tennessee as the sole forum for the resolution of any dispute arising under or in any way related to the contract. Moreover, although they are not parties to the contract containing the forum selection provision, under settled law, FDC and FDMS may invoke the provision along with CPSI under the circumstances of this case.

The Supreme Court and Fifth Circuit have consistently held that forum selection clauses, like the one applying to Plaintiff's claims, must be respected and enforced as a matter of law. This Court should therefore grant Defendants' Motion and transfer this action to the United States District Court for the Western District of Tennessee (in which Shelby County, Tennessee is located).

## II.    BACKGROUND

Plaintiff does not attach the contract it claims was breached, but the only contract involving any Defendant is the Merchant Agreement to which CPSI was a party. (A non-confidential form of the Merchant Agreement is attached as Exhibit A.) The Merchant Agreement specifically states:

> This Agreement shall be construed and enforced in accordance with the internal laws of the State of Tennessee without reference to choice of law Association Rules. Any legal action, including an original complaint or third party claim, by or in the right of any party to this Agreement or any action arising under or in any way related to this Agreement, including but not limited to a claim for payment under the Agreement, and also including any non-contract claim (collectively "Claims"), shall be brought and maintained exclusively in a state or federal court of competent subject matter jurisdiction in Shelby County, Tennessee and the parties hereby submit themselves to the personal jurisdiction and venue of those courts for the purpose of any such action and hereby waive any defense related to personal jurisdiction, process, or venue.

---

agreement with Plaintiff. Accordingly, FDC and FDMS are not proper parties to this action. FDC and FDMS join in this Motion only to the extent the Court elects to rule on this Motion before considering the Motions to Dismiss or determines Plaintiff's claims against FDC and FDMS should not be dismissed.

(Ex. A § p.)

The Merchant Agreement therefore mandates Shelby County, Tennessee, as the proper – and *exclusive* – forum and Tennessee law as the governing substantive law for any dispute arising out of Plaintiff's relationship with CPSI.

## III.    ARGUMENT & CITATION TO AUTHORITIES

### A.    Forum Selection Clauses Are Presumed Valid and Enforceable.

28 U.S.C. § 1404(a) states that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In this instance, the parties have agreed to litigate Plaintiff's claims in Shelby County, Tennessee.

The Supreme Court and Fifth Circuit have recognized that contractual forum selection clauses are presumptively valid and enforceable. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 589 (1991); *M/S BREMEN v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972); *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008) ("Under federal law, forum-selection clauses are presumed enforceable, and the party resisting enforcement bears a 'heavy burden of proof.'"); *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 220 (5th Cir. 1998). Federal courts in Mississippi, including this district, follow that rule. *Estate of Dunn v. Am. Health Centers, Inc.*, 2006 WL 2701166, at *3 (N.D. Miss. 2006) (citations omitted) ("A forum selection clause in a written contract is prima facie valid and is enforceable unless the opposing party shows that the enforcement of such a clause would be unreasonable."). The presumption of validity may only be overcome if the resisting party shows the clause is "unreasonable" under the circumstances. *In re Spillman Dev. Grp., Ltd.*, 710 F.3d 299, 306 (5th Cir. 2013) (citing *BREMEN*, 407 U.S. at 10); *Mitsui & Co. v. MIRA M/V*, 111 F.3d

3

33, 35 (5th Cir. 1997) (same). It is well-established that the party resisting enforcement of the forum selection clause bears a "heavy burden of proof." *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997); *see also Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 239 (5th Cir. 2009); *Calix-Chacon v. Glob. Int'l Marine, Inc.*, 493 F.3d 507, 512 (5th Cir. 2007) (quoting *Marinechance Shipping*, 143 F.3d at 220) (party resisting forum selection clause "must make a strong showing" of unreasonableness). Moreover, enforceability of a forum selection clause is a question of law. *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 903 (5th Cir. 2005) (citing *Mitsui & Co.*, 111 F.3d at 35); *Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 301 (5th Cir. 1998).

The federal courts enforce forum selection clauses in diversity jurisdiction cases, and, in particular, in commercial disputes. *See Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 302 (5th Cir. 2016) (recognizing applicability of *Bremen's* holding to diversity cases); *Int'l Software Sys., Inc. v. Amplicon,* 77 F.3d 112, 114 (5th Cir. 1996); *Haynsworth,* 121 F.3d at 962 & n.11 (recognizing applicability of *Bremen's* holding to diversity cases); *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 618 (5th Cir. 2007) (affirming district court's enforcement of forum selection clause in breach of contract action). Forum selection clauses remain valid even if some or all of the underlying events occurred in a state other than the designated forum. *See, e.g.*, *Massey v. Monsanto Co.*, 2000 WL 1146705, at *1 (N.D. Miss. 2000) (transfer to federal court in Missouri where underlying events occurred in Mississippi). Further, whether the plaintiff's claims sound in tort or contract is immaterial. *Marinechance Shipping,* 143 F.3d at 221-22 & n.27 (citing *Carnival Cruise Lines v. Shute,* 499 U.S. 585 (1991)).

Forum selection clauses are properly enforced through a motion to transfer pursuant to 28 U.S.C. § 1404. The Supreme Court in *Atlantic Marine Construction Company*, resolved the

4

circuit split regarding whether a transfer motion pursuant to a forum selection clause should be brought pursuant to Section 1404, Section 1406, or Rule 12(b)(3). 134 S. Ct. 568, 575 (2013); *In re Rolls Royce Corp.*, 775 F.3d 671, 674 n.3 (5th Cir. 2014), *cert. denied*, 136 S. Ct. 45 (2015). The Court held:

> [A] forum-selection clause may be enforced by a motion to transfer under § 1404(a) (2006 ed., Supp. V), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." When a defendant files such a motion, we conclude, a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer.

*Atl. Marine Const. Co.*, 134 S. Ct. at 575; *In re Rolls Royce Corp.*, 775 F.3d at 677 ("By the light of *Atlantic Marine*, we analyze a transfer motion brought by a party seeking to enforce a forum-selection cause pursuant to 28 U.S.C. § 1404.").

**B.      The Merchant Agreement Specifies Shelby County, Tennessee, as the Proper Venue.**

The Merchant Agreement expressly mandates that "[a]ny legal action, including an original complaint . . . by or in the right of any party to this Agreement or any action arising under or in any way related to this Agreement . . . ***shall*** be brought and maintained ***exclusively*** in a state or federal court of competent subject matter jurisdiction in Shelby County, Tennessee." (Ex. A § p (emphasis added).) Thus, the provision is mandatory and not simply permissive.

**C.      Plaintiff's Claims "Aris[e] Under" and/or "Relate[ ] to" the Merchant Agreement.**

Plaintiff's allegations and claims plainly "aris[e] under" and "relate to" the Merchant Agreement containing the forum selection clause. Plaintiff alleges its claims are based upon the very processing relationship established and governed by the Merchant Agreement. Plaintiff

specifically referenced the Merchant Agreement (despite not attaching it or citing any specific provisions thereof) as the basis for its claims.

In addition to these express references, the gravamen of Plaintiff's claims is that Defendants violated purported contractual obligations to Plaintiff established by the Merchant Agreement. Yet that same Merchant Agreement Plaintiff invokes requires that Plaintiff bring any claims relating thereto or arising thereunder in state or federal court in Shelby County, Tennessee.

### D. Enforcement of the Forum Selection Clause is Reasonable.

The forum selection clause contained in the Merchant Agreement must be enforced. Plaintiff contracted with CPSI for the provision of payment card processing, ostensibly in furtherance of Plaintiff's business motivations. (See, e.g., Compl. ¶ 8.) Included in that Merchant Agreement is a forum selection clause for the benefit of CPSI, which unequivocally requires any claim the contracting parties bring against one another to be brought in Shelby County, Tennessee. (Ex. A § p.) Moreover, Shelby County, Tennessee is a logical forum for the litigation, as the Merchant Agreement also designates the law of Tennessee to apply to any litigation between the contracting parties. In short, the Plaintiff's advance agreement to litigate disputes in Tennessee is logical, reasonable, and enforceable.

As stated above, Plaintiff has the burden of overcoming the "presumption of enforceability" and may only do so by a "clear showing that the [forum selection] clause is unreasonable under the circumstances." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 773 (5th Cir. 2016) (quoting *Haynsworth,* 121 F.3d at 963); *Haynsworth,* 121 F.3d at 963 (citing *Bremen,* 407 U.S. at 17, 92 S.Ct. at 1917) (emphasis added). The Supreme Court and Fifth Circuit have restricted the definition of unreasonableness to include only four scenarios:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Barnett*, 831 F.3d at 301 (quoting *Haynsworth,* 121 F.3d at 963); *Weber,* 811 F.3d at 773 (quoting *Haynsworth,* 121 F.3d at 963); *Haynsworth,* 121 F.3d at 963 (citing *Carnival Cruise Lines v. Shute,* 499 U.S. 585, 595, 111 S.Ct. 1522, 1528 (1991)).

Plaintiff bears a "heavy burden of proof" under this test. *Estate of Dunn*, 2006 WL 2701166, at *3 (citing *Carnival Cruise* Lines, 499 U.S. at 592).

Plaintiff cannot show – and the facts refute – any finding of unreasonableness. Plaintiff may argue it was unaware of the forum selection clause, but the Fifth Circuit has observed the presumption that parties to a contract with a forum selection clause are presumed to have read and understood the agreement's provisions. *Haynsworth*, 121 F.3d at 965 & n.16 (rejecting argument that sophisticated parties who voluntarily entered contracts could avoid forum selection clause under fraud or overreaching argument); *see also Lighthouse MGA, L.L.C. v. First Premium Ins. Grp., Inc.*, 448 F. App'x 512, 515 (5th Cir. 2011) (rejecting argument that party was unaware of clause not brought to party's attention because "[a] person who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that he did not read it, or that it was not explained or that he did not understand"). Under governing law, enforcement of the forum selection clause is eminently reasonable and, as a legal matter, required.

Moreover, the Fifth Circuit has held that allegations of "fraud and overreaching must be specific to a forum selection clause to invalidate it." *Haynsworth*, 121 F.3d at 963 (citing *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974)); *see also Braspetro Oil Servs. Co.*, 240 F.

App'x at 616-17 (quoting *Haynsworth*, 121 F.3d at 963).[3]  General allegations of fraud or overreaching are insufficient.  *Haynsworth*, 121 F.3d at 963 (citing other authorities); *see also Braspetro Oil Servs. Co.*, 240 F. App'x at 616-17.[4]  In addition to allegations of fraud specific to the clause itself, evidence of that conduct is required.  *See Estate of Dunn*, 2006 WL 2701166, at *4.  Plaintiff has not alleged – and the language of the Merchant Agreement contradicting any such allegation is dispositive – much less proved by a "clear showing" any circumstance sufficient to even approach Fifth Circuit requirements on this point.

Plaintiff is similarly unable to show how enforcement of the forum selection clause would cause it "grave inconvenience or unfairness."  Shelby County, Tennessee is not remote, inconvenient, or unfair.  In fact, the court in the Western District of Tennessee is less than 150 miles from this district.  Federal courts routinely enforce forum selection clauses designating far more remote and/or international venues for litigation.  *See, e.g., Haynsworth*, 121 F.3d at 967 (enforcing commercial forum selection clause requiring litigation in England rather than Texas); *Ambraco, Inc.*, 2007 WL 1550960, at *3 (enforcing forum selection clause requiring litigation in

---

[3] *See also Northrop Grumman Ship Sys., Inc. v. Ministry of Def. of Republic of Venezuela*, 575 F.3d 491, 503 (5th Cir. 2009) (quoting *Nat'l Iranian Oil Co. v. Ashland Oil, Inc.*, 817 F.2d 326, 332 (5th Cir. 1987) ("Under the Act, a party seeking to avoid arbitration must allege and prove that the arbitration clause itself was a product of fraud, coercion, or such grounds as exist at law or in equity for the revocation of the contract."); *Afram Carriers, Inc.*, 145 F.3d at 301 (the *clause itself must* result from fraud or overreaching) (emphasis in opinion).

[4] Similarly, inclusion of a forum selection clause in form contracts, adhesion contracts, or even unsigned forms is insufficient to rebut the "presumption of enforceability" imposed by *Bremen. See Kevlin Serv., Inc. v. Lexington State Bank,* 46 F.3d 13, 14-15 (5th Cir. 1995) (reversing district court's refusal to enforce forum selection clause in pre-printed form contract); *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 961 F.2d 1148, 1154-55 (5th Cir. 1992) (enforcing arbitration forum selection clause in adhesion contract); *Carnival Cruise Lines,* 499 U.S. at 593 (applying *Bremen's* presumption of enforceability to forum selection clause in unsigned, nonnegotiated, form ticket issued by cruise line to unsophisticated passenger); *Dorsey*, 2004 WL 2496214, at *6 ("Even in adhesion contracts, forum-selection clauses may be enforceable so long as they are not unreasonable or unfair.").

England rather than Louisiana). Neither the designated venue nor the chosen law is so inconvenient or hostile to Plaintiff's claims that Plaintiff will be deprived of a remedy (or its "day in court") if the forum selection clause is enforced. The designation of Shelby County, Tennessee as the forum and Tennessee substantive law as the governing law are logical in light of the contracting parties' agreement to decide these matters there in advance.[5]

Further, there is nothing to suggest that Tennessee was selected as the forum in which disputes were to be resolved to discourage Plaintiff from filing suit.[6] The Supreme Court and lower courts have consistently rejected fundamental unfairness arguments involving far more remote or inconvenient forums than Shelby County, Tennessee. *See, e.g. Carnival Cruise Lines*, 499 U.S. at 593, 111 S.Ct. at 1527 (Florida not unfair to Washington residents); *Haynsworth*, 121 F.3d at 969-70 (England not unfair to Texas residents); *Ambraco, Inc.*, WL 1550960, at *3 (England not unfair to American companies); *Estate of Dunn*, 2006 WL 2701166, at *4 (Tennessee not unfair to Mississippi plaintiff).

Finally, enforcement of the forum selection clause will not contravene the public policy of Mississippi, much less a "strong public policy." Mississippi does not have a strong public policy against contractual forum selection. Rather, Mississippi courts regularly enforce

---

[5] In *Carnival Cruise Lines,* the Supreme Court emphasized that there was nothing unreasonable about enforcing a forum selection clause requiring litigation in Florida, the state where the defendant had its principal place of business and substantial business operations. 499 U.S. at 595. In that case, the plaintiff filed suit in Washington, and had no connection with Florida. In light of the Supreme Court's enforcement of the forum selection clause in *Carnival Cruise Lines,* there is no conceivable basis for a refusal to enforce the parties' venue selection in this case. *See also International Software,* 77 F.3d at 116 (enforcing California venue selection clause and affirming dismissal of Texas suit on motion to dismiss for improper venue).

[6] Courts throughout the Fifth Circuit have noted that the "inconvenience of trying a case in one state versus another is insufficient to invalidate a forum selection clause." *Hartash Const. Inc. v. Drury Inns, Inc.,* 2000 WL 1140498, at *3 (E.D. La. 2000) (citing *Carnival Cruise Lines,* 499 U.S. at 594-95); *see also Parish v. Carnival Corp.*, 2013 WL 12134053, at *6 (S.D. Tex. 2013), *report and recommendation adopted*, 2013 WL 12134054 (S.D. Tex. 2013).

contractual forum selection clauses. *See, e.g.*, *Titan Indem. Co. v. Hood*, 895 So. 2d 138, 146 (Miss. 2004). Courts in this district specifically have rejected the attempted argument that Mississippi has a public policy against enforcement of forum selection clauses. *See, e.g.*, *Estate of Dunn*, 2006 WL 2701166, at *5 ("The Court finds no strong Mississippi public policy to compel this Court to render the forum selection clause void.")

### E. Public-Interest Factors Weigh in Favor of Transfer.

Given the existence of a valid, enforceable forum selection clause, "in determining whether the forum-selection clause should bind the parties, the Court is only permitted to consider arguments concerning the public-interest factors." *Collins v. Acad. Partnerships, LLC*, 2016 WL 6772790, at *3 (N.D. Miss. 2016). The public-interest factors are the Court may consider include: (1) "the administrative difficulties flowing from court congestion; (2) "the local interest in having localized controversies decided at home"; and (3) "the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* (citations omitted).

*First*, there is no evidence that the United States District Court for the Western District of Tennessee would encounter administrative difficulties in dealing with this case due to court congestion. *Second*, there is no overwhelming local interest in having this controversy decided in Mississippi. While Plaintiff is a Mississippi entity, the other parties are not. *Finally*, the interest in having the trial in a diversity case in a forum that is at home with the law weighs in favor of transfer to the Western District of Tennessee. As noted above, the Merchant Agreement provides that Tennessee law governs any disputes arising under the Merchant Agreement. Because Tennessee law applies, the United States District Court for the Western District of Tennessee would be more "at home with the law" in resolving this dispute. Thus, all of the public-interest factors weigh in favor of transfer.

Under settled law, the parties' agreement to litigate these issues in Tennessee must be enforced.

**F.        FDC and FDMS Can Also Enforce the Forum-Selection Clause.**

"In general, the fact a party is a non-signatory to an agreement is insufficient, standing alone, to preclude enforcement of a forum selection clause." *Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 722 (2d Cir. 2013) (quotation marks and citation omitted). Although FDC and FDMS are not parties to the Merchant Agreement between Plaintiff and CPSI, they may enforce the forum selection clause along with CPSI because they are "closely related" to CPSI. *Id.* at 723. Fellow contracting party CTS Holdings, LLC is an indirect, wholly-owned subsidiary of FDC and is an affiliate of FDMS. FDC and FDMS are thus sufficiently related to CPSI and CTS Holdings such that it was foreseeable to Plaintiff at the time of contracting that any claims against FDC and FDMS arising under the Merchant Agreement would be litigated in the chosen forum. *See id.* ("We hold that a non-signatory to a contract containing a forum selection clause may enforce the forum selection clause against a signatory when the nonsignatory is 'closely related' to another signatory.") (collecting cases); *accord Jimmie Lyles Carpets, Inc. v. Munlake Contractors, Inc.*, 2012 WL 2222857, at *8 (S.D. Miss. 2012) ("[A]lthough Berkley was not a party to the forum selection clause, the Court finds that the clause can be invoked by Berkley.").

Accordingly, to the extent the Court declines to grant FDC's and FDMS's Motion to Dismiss prior to ruling on this Motion to Transfer, the Court should transfer Plaintiff's claims against FDC and FDMS in addition to CPSI.

11

## IV.    CONCLUSION

For the foregoing reasons, this action should be transferred to the United States District

Court for the Western District of Tennessee pursuant to 28 U.S.C. § 1404(a).

Respectfully submitted,

FIRST DATA COROPRATION, FIRST DATA
MERCHANT SERVICES LLC, and CITICORP
PAYMENT SERVICES, INC.

By:*/s/ M. Patrick McDowell*
        M. Patrick McDowell, One of Their Attorneys

OF COUNSEL:

M. Patrick McDowell (MSB #9746)
Lauren O. Lawhorn (MSB #103896)
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
190 East Capitol St., Suite 100
Jackson, MS 39201
Telephone: (601) 948-3101
Facsimile: (601) 960-6902
pmcdowell@brunini.com
llawhorn@brunini.com

Scott F. Singley (MSB #100134)
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
410 Main Street
Columbus, MS 39701
Telephone: (662) 240-9744
Facsimile: (662) 240-4127
ssingley@brunini.com

*Attorneys for Defendants*

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 8, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ M. Patrick McDowell*_____
M. Patrick McDowell
